IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03244-WYD-KLM

EMILY BOSCOE CHUNG,

    Plaintiff,

v.

TIMOTHY J. LAMB, and
TIMOTHY J. LAMB, P.C.,

    Defendants.

_____

**SCHEDULING ORDER**
_____

    This matter is before the Court pursuant to Fed. R. Civ. Pro. 26. The Court hereby orders as follows:

### I. Preliminary Matter

    The Complaint in this case alleges claims based on Defendants' previous attempts to collect a debt against Plaintiff via the filing of a state court lawsuit. [# 1][1] ¶ 7. The Complaint specifically alleges that Plaintiff's current counsel in this lawsuit, Karen A. Hammer, also represented Plaintiff regarding and in the course of those debt-collection efforts. *See Id.* ¶¶ 9, 10, 11, 12. It is not clear to the court at this stage whether Defendants' current counsel, Heather K. Kelly and Nicole C. Irby, represented Defendants regarding and in the course of the previous debt-collection efforts.

    The court further notes that Colorado Rule of Professional Conduct 3.7(a) states in relevant part:

> A lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness unless:
>
> (1) the testimony relates to an uncontested issue;

---

[1] [#1] is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic filing system (CM/ECF). This convention is used throughout this Scheduling Order.

1

  (2) the testimony relates to the nature and value of legal services rendered in the case; or

  (3) the disqualification of the lawyer would work substantial hardship on the client.

Finally, the court notes that the Colorado Rules of Professional Conduct are applicable here, and that disqualification of counsel can be expensive and cause undue delay in adjudication of the parties' dispute.  Accordingly,

  IT IS HEREBY **ORDERED** that the deadline for filing any motion to disqualify counsel is **November 6, 2015.**

## II. Discovery Limitations

  1.  Each side shall be limited to five (5) depositions, including experts, absent further leave of court.  Depositions shall be recorded by stenographic means, absent further leave of court.  Each side shall be limited to twenty (20) interrogatories, absent further leave of court.

  2.  Depositions shall not exceed a single day of no more than seven (7) hours per witness, absent further leave of court.

  3.  Each side shall be limited to fifteen (15) requests for production of documents and twenty (20) requests for admission.

  4.  The deadline to submit a proposed Protective Order and/or a proposed Order under Fed. R. Evid. 502(d) is **October 30, 2015**.  All discovery disputes shall be brought to the court's attention by the filing of a **written motion**.

## III. Case Plan and Schedule

  1.  The deadline to join parties and amend pleadings is **October 30, 2015.**

  2.  The discovery deadline is **February 29, 2016.  The discovery deadline is the date by which all discovery must be completed and all motions relating to discovery must be filed.**

  3.  The dispositive motion deadline is **March 31, 2016.**

  4.  The parties shall be limited to one (1) expert witness per side, absent further leave of court. The deadline to designate affirmative experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) is **January**

**8, 2016.** The deadline to designate rebuttal experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) is **February 5, 2016.**

    5.  The deadline to serve written discovery is **January 15, 2016.**

### IV.  Dates for Further Conferences

    1.  Status conferences will be held in this case as needed.

    2.  A final pretrial conference will be held in this case on **July 6, 2016 at 11:00 a.m.** A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the Final Pretrial Conference.

### V. Final Matters

    1.  Parties must comply with D.C.COLO.LCivR 7.1(a) before filing any motion with the court.

    2.  Parties are expected to be familiar with Judge Daniel's Practice Standards and Magistrate Judge Mix's Requirements of Practice, which are available on the court's website (www.cod.uscourts.gov).

    3.  This Scheduling Order may be altered or amended only on a showing of good cause.

    Dated:  October 6, 2015

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge