IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03244-WYD-KLM

EMILY BOSCOE CHUNG,

    Plaintiff,

v.

TIMOTHY J. LAMB, and
TIMOTHY J. LAMB, P.C.,

    Defendants.

_____

### ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendants' **Motion to Stay Discovery and Request for Expedited Consideration** [#30][1] (the "Motion to Stay"). Plaintiff filed a Response [#37] in opposition to the Motion to Stay, and Defendants filed a Reply [#42]. Defendants ask the Court to stay discovery in this case until after the Senior Judge has ruled on the pending Motion to Dismiss [#18], filed by Defendants on August 14, 2015.

Although the stay of proceedings in a case is generally disfavored, the Court has discretion to stay discovery while a dispositive motion is pending. *See Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007) ("A stay of all discovery is generally disfavored in this District." (citation omitted)); *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-cv-01934-LTB-PAC, 2006 WL

---

[1] "[#30]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

-1-

894955, at *2 (D. Colo. Mar. 30, 2006) (finding that a thirty-day stay of discovery was appropriate when a motion to dismiss for lack of personal jurisdiction was pending); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (stating that a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action."); 8 Charles Alan Wright, et al., *Federal Practice and Procedure* § 2040, at 521-22 (2d ed. 1994) ("[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided."); *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); *Gilbert v. Ferry*, 401 F.3d 411, 415-16 (6th Cir. 2005) (finding that ordering a stay of discovery is not an abuse of discretion when a defendant has filed a motion to dismiss challenging the court's actual subject matter jurisdiction); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2005) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." (internal quotation omitted)).

When exercising its discretion, the Court considers the following factors: (1) the interest of the plaintiffs in proceeding expeditiously with discovery and the potential prejudice to the plaintiffs of a delay; (2) the burden on the defendants of proceeding with discovery; (3) the convenience to the Court of staying discovery; (4) the interests of nonparties in either staying or proceeding with discovery; and (5) the public interest in either staying or proceeding with discovery. *String Cheese Incident*, 2006 WL 894955, at *2 (citing *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)).

In this case, Plaintiff argues that she has a general interest in moving forward with this litigation (as generally do all plaintiffs), but she has not identified any specific prejudice to which she may be subjected if this matter is stayed pending resolution of the Motion to Dismiss.  *Response* [#37] at 6-8.  The Court therefore finds that the first *String Cheese Incident* factor weighs neither in favor nor against staying discovery.

With regard to the second factor, the Court finds that Defendants have not demonstrated that proceeding with the discovery process presents an undue burden.  However, Defendants are correct that proceeding could be wasteful if the Senior Judge grants the Motion to Dismiss [#18].  The Court therefore finds that the second *String Cheese Incident* factor weighs in favor of staying discovery.

With regard to the third factor, it is certainly more convenient for the Court to stay discovery until it is clear that the case will proceed.  *See Chavous*, 201 F.R.D. at 5 (staying discovery pending decision on a dispositive motion that would fully resolve the case "furthers the ends of economy and efficiency, since if [the motion] is granted, there will be no need for [further proceedings]").  The Court therefore finds that the third *String Cheese Incident* factor weights in favor of staying discovery.

With regard to the fourth factor, there are no specifically-identified nonparties with significant particularized interests in this case.  Plaintiff argues that other attorneys and pro se litigants in separate consumer debt collections actions against these same Defendants have an interest in clarifying whether these Defendants are "debt collectors" under the Fair Debt Collection Practices Act ("FDCPA").  *Response* [#37] at 13.  However, Plaintiff identifies no specific adverse effects these nonparties may endure as a result of awaiting a ruling on the Motion to Dismiss.  Accordingly, the fourth *String Cheese Incident* factor

weighs neither in favor nor against staying discovery.

With regard to the fifth and final factor, the Court finds that the public's only interest in this case is a general interest in its efficient and just resolution. Avoiding wasteful efforts by the Court clearly serves this interest. It is unclear how the public may be adversely impacted by a stay in this matter, as argued by Plaintiff. *See generally Response* [#37] at 13-14 (stating in part that "[t]he Court's expeditious handling of this matter will benefit the general public by permitting debt collectors, consumers, and their counsel to have timely clarification of their respective duties and rights under the FDCPA"). Thus, the fifth *String Cheese Incident* factor weighs neither in favor of nor against staying discovery.

Weighing the relevant factors, the Court concludes that staying discovery pending resolution of Defendants' Motion to Dismiss [#18] is appropriate. Accordingly,

IT IS HEREBY **ORDERED** that the Motion to Stay [#30] is **GRANTED**. Discovery in this action is stayed until the Court rules on Defendant's Motion to Dismiss [#18].

DATED: October 23, 2015 at Denver, Colorado.

BY THE COURT:

*[signature]*

Kristen L. Mix
United States Magistrate Judge