IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-3244-WYD-KLM

EMILY BOSCOE CHUNG,

   Plaintiff,

v.

TIMOTHY J. LAMB;
TIMOTHY J. LAMB, P.C.,

   Defendants.
_____

## ORDER ON MOTION TO DISMISS
_____

I.   INTRODUCTION & BACKGROUND

This matter is before the Court on Defendant's Motion to Dismiss (ECF No. 18), filed on August 14, 2015. The Motion is fully briefed.[1]

This is a Fair Debt Collection Practices Act ("FDCPA") case (codified at 15 U.S.C. § 1692), wherein Plaintiff was contacted by Defendants for amounts due to a third party, Vantium Capital. Defendant Timothy J. Lamb is an attorney, and Timothy J. Lamb P.C. engages in debt collection activities. *See* Compl., p. 2. In an underlying state court action from December of 2012 to recover those amounts due, Plaintiff and Defendants discussed a settlement agreement via phone and email. Plaintiff communicated her understanding of the settlement agreement via email to Defendants. Defendants expressed approval of the agreement as expressed in the email. The settlement

---

[1] I note that Plaintiff's response to this motion, filed at ECF No. 19, exceeded the allowable page limitation as defined in my Practice Standards by forty-five pages. Plaintiff is advised that any future filings that do not comply with my Practice Standards will be stricken from the record with leave to refile in conformity with those standards.

agreement did not include a provision releasing Defendants from any future claims. Subsequent to their email expressing approval, Defendants sought to add a provision releasing them from all future claims. Plaintiff refused, and asserted that a final agreement had already been reached. Further filings were made with the state court, and Plaintiff filed a motion to enforce the settlement agreement on December 12, 2013. The court granted that motion and enforced the agreement.

On November 27, 2014, Plaintiff filed the present action, asserting that Defendants violated the FDCPA in their debt collection activities with Plaintiff. The substance of the allegations against Defendants include pursuing legal action against Plaintiff even after the settlement agreement was reached; refusing to accept Plaintiff's tendered payment in full performance of her obligations under the settlement agreement; representing to the court through a status report and their response to the motion to enforce the settlement agreement that no settlement agreement had been reached and that the debt was still owed; and failing to include in the status report that Plaintiff attempted to pay the settlement agreement amount. *See* Compl., ¶ 10. Plaintiff also alleges that Defendants violated the FDCPA by "falsely informing the police that Boscoe's counsel had attempted to remove the original note from his office and falsely informing police that Boscoe had no grounds for asserting her right to retain possession" of the note. Plaintiff seeks damages, punitive damages, and attorney's fees.

Defendants filed the present motion, arguing that Plaintiff's claim should be dismissed as a matter of law. Defendants assert that statements made to Plaintiff's

attorney during settlement negotiations, and statements made to the court in court filings do not constitute a violation of the FDCPA because such "statements to third parties – lawyers and judges - do not constitute statements to a consumer."  Def.'s Motion, ECF No. 18, p. 2.

II.     STANDARD OF REVIEW

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Although this pleading standard does not require detailed factual allegations, it does require "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 678 (2007).  Further, "a pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do' . . . [n]or does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555, 557).   A motion to dismiss can be granted if a complaint fails to state a claim upon which relief can be granted under Fed. R. Civ. Pro. 12(b)(6).

In order for a complaint to survive a motion to dismiss, it must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.*, citing *Twombly*, 550 U.S. at 570.   Facial plausibility is met when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*, citing *Twombly*, 550 U.S. at 556.

- 3 -

III.    ANALYSIS

To assert a claim under the FDCPA, a plaintiff must show that 1) she is a consumer under the Act; 2) the debt is one for personal, family, or household purposes; 3) the defendant is a debt collector under the Act; and 4) the defendant violated a provision of the FDCPA. Defendants argue that, in order to meet the first element, Plaintiff must show that the alleged misrepresentations or threats of arrest or legal action were made to a consumer. Defendants state that since the alleged communications in this case were made to Plaintiff's counsel, the state court judge, and to police officers, Plaintiff cannot maintain a claim against Defendants for any FDCPA violations. Accordingly, Defendants argue that the sole issue before the Court is "whether an alleged misstatement to an attorney representing a party or to the court is cognizable under the FDCPA." Def.'s Reply, ECF No. 32, p. 1, 2.

Defendants cite to a Tenth Circuit case for support. In *Dikeman v. National Educators*, a debt collector did not include in communications to the consumer's lawyer a verification disclosing that the debt collector was attempting to collect a debt and that any information obtained would be used for that purpose. The court noted in a footnote that a lawyer acting as the representative of a consumer is not a consumer under the FDCPA. *Dikeman v. Nat'l Educators Inc.*, 81 F.3d 949, 955 n.14 (10th Cir. 1996). However, in the next footnote, the court noted that it was limiting its holding to the facts of that case and its specific application to 1692e(11), a provision which is not implicated in the present case.

A recent decision on this issue by Judge R. Brooke Jackson of this Court is more

instructive here.  In *Schendzielos v. Silverman*, a consumer brought an action against a law firm that regularly engaged in debt collection services for its clients for violations of the FDCPA.  The law firm brought an action in state court for the amounts owed by the consumer.  Prior to trial, the parties settled, and the consumer agreed to pay the bank a settlement amount.  After the consumer allegedly failed to pay the settlement amount, the defendant filed a motion for a default judgment against him.  The consumer alleged that the defendant made misrepresentations to the court in violation of the FDCPA about the status of the debt, including a failure to mention that the consumer had attempted to pay for the alleged default, and for falsely representing to the court that the consumer was in default.  The state court action was ultimately resolved without further court involvement; however the plaintiff then sued the defendant for FDCPA violations.  The defendant then filed a motion to dismiss on the theory that "a false statement violates the FDCPA only if it is made to the consumer . . . [and that] a false statement made to a state court judge is not actionable" under the FDCPA.  *Schendzielos v. Silverman*, 2015 WL 5964882, at *2 (D. Colo. Oct. 14, 2015).

Judge Jackson held that the FDCPA prohibits abusive conduct in the name of debt collection, even when the audience for such conduct is someone other than the consumer.  The court noted that "the express purpose of the FDCPA is very broad," and that "no language in [section 1692e] reserves this ban [of abusive conduct] for communications made only to consumers nor is there any express exemption of a debt collector's communications to a judge."  *Id.* at *3.  The court further notes that section

1692e "should be read to prohibit any deceptive representation if it is made during the process of debt collection *without regard for the identity of the audience.*" *Id.* (emphasis added).

The court noted that in other sections of the FDCPA, Congress expressly limited its breadth by distinguishing between consumers and third parties as audiences. *Id.* (noting that section 1692c narrowly confines the audience to consumers only; and 1692b defines the audience as any person other than the consumer). The court noted:

> [T]he FDCPA broadly prohibits abusive behavior by debt collectors, and its coverage is not limited to instances where the consumer is the only audience. The extension of § 1692e to communications made to judges adheres to the statute's express purpose. As mentioned above, Congress aimed to prevent unethical debt collectors from gaining an edge on their less principled counterparts. Its objective extends beyond protection of the consumer. Congress sought to eliminate deception across the entire debt collection landscape. "The FDCPA applies to lawyers and law firms who regularly engage in debt-collection activity, even when that activity involves litigation, and categorically prohibits abusive conduct in the name of debt collection, even when the audience for such conduct is someone other than the consumer."

*Id.* at *4, citing *Miljkovic v. Shafritz & Dinkin, P.A.*, 791 F.3d 1291, 1297 (11th Cir. 2015).

Additionally, the court noted that the Supreme Court of the United States broadly interpreted the FDCPA in *Heintz v. Jenkins*, 514 U.S. 291 (1995), noting that the Court "expanded the FDCPA's application by holding that attorneys regularly engaged in the collection of debts are debt collectors subject to liability under the statute." *Id.* at *4. After *Heintz*, the FDCPA has been applied in various circuits to the litigating activities of

lawyers.  *Id.* at *5; *see e.g.*, *Sayyed v. Wolpoff & Abramson*, 485 F.3d 226, 231 (4th Cir. 2007) (holding that the FDCPA applies to communications made by a debt collector to a consumer's attorney).  Judge Jackson noted that Congress intended for section 1692e "to retain broad coverage over litigation activities, including motions filed with state court judges." *Id.*

Judge Jackson also noted that although some circuits are split on the issue of false representations made to judges, he ultimately held that "[g]iven the central role that judges play in debt collection, it would in my view be incongruous to permit debt collectors more latitude solely because they are communicating to a judge.  The involvement of a judge does not change the essence of the dynamic:  the debt collector is attempting to collect a debt owed by the consumer.  In that process, there are many opportunities for abusive practices, which Congress so clearly intended to eliminate." *Id.* at *7. Additionally, the FDCPA is a remedial statute, which "should be construed liberally in favor of the consumer," and "the importance of prohibiting false or deceptive representations does not fade solely because the collector is speaking to the judge and not directly to the consumer." *Id.*

Plaintiff in this case has alleged violations of FDCPA provisions 1692d, 1692e(2)(a), 1692e(5),1692e(8), 1692e(10), and 1692f.  *See* Compl., p. 7-9.  As established above, section 1692e does not include any limitation to the audience of abusive conduct.  Similarly, I find that there is no limitation as to audience in provisions 1692d or 1692f.  Section 1692d states "[a] debt collector may not engage in any conduct

the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."   Section 1692f states "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

Plaintiff alleges that after the parties agreed to a settlement agreement via email, Defendants "repeatedly attempted to force Boscoe to agree to release [Lamb] personally from all claims and asserted that no settlement existed if Boscoe refused to agree to this new term."   Compl., p. 5.   Further, she alleges that after refusing to accept Plaintiff's settlement payment amount, Defendants "asserted that [Lamb] would proceed to trial against Boscoe if she did not agree to the unilateral terms."   *Id.*   The parties dispute the details of events that took place on November 27, 2013, but Plaintiff claims that her attorney asserted "the right to remove the alleged original note [for the debt] from [Defendant's] office after Boscoe had tendered payment."   *Id.* at 5-6.   Defendants claim that Plaintiff's counsel "took possession of the Note without ever advising Mr. Lamb, hid it somewhere on her person and only agreed to surrender the Note when the police officer threatened to search [her]."   Def.'s Motion, ECF No. 18, p. 3, n.2.   Plaintiff asserts that at no time did her attorney "attempt to take the original note out of [Defendant's] office," but only discussed the right to do so with Defendant Lamb.   She states that Defendant Lamb called the police and "falsely asserted that Boscoe's counsel was attempting to steal the original note."   Compl., p. 6.   After these events, Defendants filed a status report with the court "falsely stating that the case had not been settled and failing to disclose the material development that Boscoe had tendered payment under the settlement

- 8 -

agreement."  *Id.*  Plaintiff filed an objection to the status report, and then filed her motion to enforce settlement.  In a response to that motion, Plaintiff asserts that Defendant Lamb "continued his false assertions that no settlement existed" in the matter.  The court granted the motion to enforce settlement "holding that the parties had authorized the November 13, 2013 settlement agreement and that such settlement was finalized on the date thereof without any contingencies."  *Id.* at 6-7.

Plaintiff argues that Defendants violated section 1692d by "threatening to – and attempting to – force Boscoe into a trial on an alleged debt that had already been resolved through a settlement agreement."  *Id.* at 7.  She alleges that Defendants violated section 1692e(2)(a) by portraying the status of the debt as not being settled, and therefore, falsely inflating the amount of debt owed.  *Id.* at 8, 9.  She alleges that Defendants violated section 1692e(5) by threatening legal action to pursue a debt that was already settled, and by refusing to accept Plaintiff's payment of the settlement amount.  Id. at 8.  She alleges that Defendants violated section 1692e(8) by falsely advising the court that the debt remained subject to collection.  She alleges that Defendants violated section 1692e(10) by misrepresenting to the court the status of the negotiations in their status report.  Finally, Plaintiff alleges that Defendants violated section 1692f by falsely informing the police that her attorney had attempted to remove the original note from Defendant's office and that she had no right to do so.

All of the alleged conduct by the Defendants pertains to debt-collection activity, specifically the debt allegedly owed by Plaintiff, which was resolved through a settlement

- 9 -

agreement. The allegations made by Plaintiff implicate conduct that Congress sought to eliminate "across the entire debt collection landscape," which can necessarily include various audiences other than the consumer herself. In accordance with case law on this matter, and in the interest of liberally construing the FDCPA in favor of the consumer, I find that none of the provisions implicated in Plaintiff's claim should be dismissed on the basis that the alleged abusive conduct was communicated to third parties other than the consumer.

IV. <u>CONCLUSION</u>

Based on the foregoing, it is

ORDERED that Defendant's Motion to Dismiss (ECF No. 18) is **DENIED**.


Dated:   March 15, 2016.

            BY THE COURT:


            s/ Wiley Y. Daniel
            WILEY Y. DANIEL,
            SENIOR UNITED STATES DISTRICT JUDGE