IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03244-WYD-KLM

EMILY BOSCOE CHUNG,

     Plaintiff,

v.

TIMOTHY J. LAMB, and
TIMOTHY J. LAMB, P.C.,

     Defendants.

_____

## MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

     This matter is before the Court on Defendant's **Motion for Amendment of Case Deadlines** [#63] (the "Motion"). On April 4, 2016, the Court lifted the stay which had been imposed while Defendant's Motion to Dismiss [#18] was being resolved. *Minute Order* [#58]. The paTotesrties were also directed to "confer and file a joint motion for amendment of case deadlines and hearings" by April 21, 2016. *Id.* On April 21, 2016, Plaintiff filed a Motion to Strike from Answer [#59] and a Motion to Stay Discovery [#61] until the Motion to Strike from Answer [#59] is resolved. Defendant filed the present Motion [#63] in compliance with the Minute Order [#58] regarding amendment of case deadlines.

     Later the same day, Plaintiff filed a Clarification Regarding Amended Scheduling Order [#65], in which she states that she "reasonably believes that her pending motion to stay discovery filed earlier today [#61] interrupted the deadline set by the Court by which the parties would file to request new case deadlines. Therefore, filing of a request for amended deadlines (and responding to Defendants' motion for amendment of case deadlines) is not procedurally required." Plaintiff cites no legal authority for her contention, and indeed there is none. Unless otherwise specified by Local Rule or other authority, the mere filing of a motion to stay does not relieve the parties from any pending obligations, including meeting all deadlines. *See, e.g., Asmann v. Dairy Farmers of Am., Inc.*, No. 12-1060-KHV/DJW, 2012 WL 1136865, at *3 (D. Kan. Apr. 4, 2012) ("Here, the Court holds that [the] motion to stay these proceedings . . . does not postpone its obligation to answer or otherwise respond to Plaintiff's petition until after the Court rules on the motion to stay."). The Court has therefore reviewed the case management deadlines proposed and timely submitted by Defendant. Finding them to be reasonable,

IT IS HEREBY **ORDERED** that the Motion [#63] is **GRANTED**. The deadlines in this matter are amended as follows:

- Deadline to Submit Proposed Protective Order  **May 2, 2016**
- Deadline to Submit Proposed 502(d) Order  **May 2, 2016**
- Deadline to Serve Initial Disclosures  **May 2, 2016**
- Deadline to Join Parties and Amend Pleadings  **May 2, 2016**
- Deadline to Serve Written Discovery Requests  **July 15, 2016**
- Affirmative Expert Disclosure Deadline  **July 28, 2016**
- Rebuttal Expert Disclosure Deadline  **August 5, 2016**
- Discovery Deadline  **August 29, 2016**
- Dispositive Motions Deadline  **September 30, 2016**

IT IS FURTHER **ORDERED** that the Final Pretrial Conference set for July 6, 2016, at 11:00 a.m. is **VACATED** and **RESET** to **January 4, 2017** at **11:00 a.m.** in Courtroom A-401 of the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado.

IT IS FURTHER **ORDERED** that the proposed pretrial order shall be submitted on or before **December 28, 2016**. The proposed pretrial order to be submitted to the Magistrate Judge under the ECF Procedures may be submitted in WordPerfect or pdf format and shall be emailed to the Magistrate Judge at *Mix_Chambers@cod.uscourts.gov*.

Dated: April 22, 2016