IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03244-KLM

EMILY BOSCOE CHUNG,

    Plaintiff,

v.

TIMOTHY J. LAMB, and
TIMOTHY J. LAMB, P.C.,

    Defendants.

---

### DEFENDANTS' MOTION TO COMPEL

---

Defendants Timothy J. Lamb and Timothy J. Lamb, P.C. (Defendants or "Mr. Lamb"), through their counsel Gordon & Rees LLP, submit this Motion to Compel pursuant to Fed R. Civ. P. 33, 34 and 37.

### I. Conferral

Pursuant to Fed. R. Civ. P. 37(a)(1) and D.C.COLO.LCivR 7.1(a), while undersigned counsel has attempted to confer with counsel for Plaintiff, the process has been frustrated by Plaintiff's counsel's delay of over four months in substantively responding. During Plaintiff's deposition, on September 28, 2016, undersigned conferred with Plaintiff's counsel on several of the outstanding discovery issues. On November 8, Defendants by letter again conferred with Plaintiff outlining her insufficient discovery responses and subsequently raised that issue with the Court after being advised "Preexisting fall vacation plans make [Karen Hammer] unavailable . . . until I return to work the week beginning December 19." On January 9, 2017, Ms. Hammer indicated that she

wished to attempt to address discovery issues informally and would need one month to respond to Defendants' November 8, 2016 conferral letter. (*See* ECF No. 181-1). Having received no response, undersigned counsel sent four separate emails in February requesting Plaintiff advise of her position. (*Id.)* Effectively two business days before the deadline for a motion to compel, Wednesday March 8, 2017 at 9:46 pm, Plaintiff responded with a 15-page discovery conferral letter, insisting on "full conferral," demanding citation to additional legal authority and then relying on the same relevance objections. Unfortunately, the parties were unable to resolve the dispute without court action.

## II.     Introduction

This Fair Debt Collection Practices Act ("FDCPA") case involves approximately $50,000 in alleged damages. Unfortunately, the case has been made unnecessarily contentious by Plaintiff's and her counsel's refusal to participate in discovery, including by way of example, refusing to provide a date for Plaintiff's deposition on the grounds of "relevance" and refusing to participate in a telephonic conference with Magistrate Judge Mix, as required by her honor's practice standards. (*See* ECF Nos. 92, 163). It should be noted the Plaintiff has produced **two** documents in this case (with the exception of pleadings from the underlying case) – Karen Hammer's legal invoices from November 2013-January 2014 and has not identified a **single witness**, not even Plaintiff. Yet again, in the discovery responses, Plaintiff has objected to virtually every interrogatory and request for production on the grounds of relevance, proportionality or privilege (without providing a privilege log). Plaintiff's objections to discovery are without legal support. Accordingly, Defendants request an order compelling Plaintiff to answer interrogatories and produce documents as outlined below and award of their reasonable fees in addressing this issue as Plaintiff's position lacks substantial justification.

### III.     Legal Analysis

### A.     Plaintiff's Relevance Objections Are Not Well Founded and an Order Compelling Production (or Interrogatory Answers) Is Appropriate.

A party seeking discovery may move for an order compelling an answer, designation, production, or inspection.  This motion may be made if . . . (iv) a party fails to respond that inspection will be permitted--or fails to permit inspection--as requested under Rule 34." Fed. R. Civ. P. 37(a)(3).

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

The burden lies with the objecting party, here Plaintiff, to show that an interrogatory or request for production is improper.  *Simpson v. University of Colo.*, 220 F.R.D. 354, 359 (D. Colo. 2004); *Horizon Holdings, LLC v. Genmar Holdings, Inc.*, 209 F.R.D. 208, 213 (D. Kan. 2002). Undue burden or proportionality objections should be supported with specific information demonstrating how the discovery is overly burdensome.  *See Sallah v. Worldwide Clearing LLC*, 855 F. Supp.2d 1364, 1376 (S.D. Fla. 2012).  Similarly, where the relevance of a request appears on its face, the party resisting discovery based on relevance "bears the burden of demonstrating that the information sought is not legally relevant. Likewise, the party opposing discovery based on burden must make a specific showing, supported by declaration, as to why the production sought would be

- 3 -

unreasonably burdensome." *Peskoff v. Faber*, 2006 U.S. Dist. LEXIS 46372, at *4-5 (D.D.C. 2006) (internal quotation marks and citations omitted). "[G]eneral or boilerplate objections such as 'overly burdensome and harassing' are improper -- especially when a party fails to submit any evidentiary declarations supporting such objections. Similarly, boilerplate relevancy objections, without setting forth any explanation or argument why the requested documents are not relevant, are improper." *Farber & Ptnrs., Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006) (internal quotation marks and citations omitted). Boilerplate objections are no longer acceptable. Instead, a responding party is required to state objections with "specificity." Fed. R. Civ. P. 34(b)(2); *Spencer v. City of Orlando*, 2016 WL 397935, at *2 (M.D. Fla. Feb. 2, 2016) (stating that "vague, overly broad and unduly burdensome" objections are "meaningless standing alone"). Both Rules 33 and 34 require a party responding make an objection with specificity. Specifically, Rule 34 requires:

> subsection (B) . . . for each item or category requested, the responding party must "state with specificity the grounds for objecting to the request, including the reasons"
>
> subsection (C) . . . "an objection must state whether any responsive materials are being withheld on the basis of that objection" and an "objection to part of a request must specify the part and permit inspection of the rest"

Plaintiff in her responses to written discovery has generally objected based on: (1) relevance; (2) scope/undue burden/proportionality and (3) privilege without a privilege log. First, Plaintiff has made no effort to state her objections with specificity and has not made an attempt to answer the discovery posed to the extent Plaintiff claims the interrogatory or request for production is not objectionable. This is not consistent with the approach required by the 2015 amended Federal Rules of Civil Procedure. Virtually every discovery

- 4 -

request – the majority of which are routine – are objected to on relevance with no response. The following is a summary of the insufficient discovery responses:[1]

## Interrogatories

1 (and Request for Production ("RFP") 7) *This Interrogatory generally requests seeks Plaintiff identify documents supporting her claim Defendants are debt collectors.*

Plaintiff has indicated that she is withholding documents based on work product – with no privilege log as required by Rule 26. In her conferral, Plaintiff contends either that no privilege log was required because this information was not otherwise discoverable or that the privilege assertion was made in an abundance of caution and documents were publically available. Plaintiff's Response also includes an unsupported burden shifting/proportionality objection.

The Interrogatory simply seeks the information Plaintiff will use to support an element of her claim. There can be no legitimate contention that identifying the evidence Plaintiff will use to support an element of her claim is not proportional to the needs of the case. This is precisely the vague discovery response that the 2015 amendments prohibit – if there has been an assertion of privilege and documents withheld, Plaintiff must respond with specificity what is objected to, what portion of the Interrogatory is being answered, what is not answered and include a privilege log. If no documents have been withheld based on privilege, then the Answer must so specify.

6. *This Interrogatory seeks Plaintiff identify her prior counsel.*

Again, the objection is relevance and erroneously to attorney-client privilege. Regarding relevance, this is relevant character evidence as to Plaintiff's understanding of

---

[1] As but one example of the gamesmanship and delay tactics, Plaintiff objected to *routine* interrogatories inquiring into Plaintiff's employment history, prior convictions and prior litigation. (*See* Exhibit A, ECF No. 182-2, Interrogatories Nos. 3, 4 and 5). Defendants were only able to obtain this information upon deposing Plaintiff.

litigation, settlement, etc., under the least sophisticated consumer status, especially given the fact that Plaintiff was very vague and unclear regarding her litigation history during her deposition. The attorney-client privilege objection is equally without legal support. "The fact of representation is not within the privilege. . . . Indeed, it is a necessary preliminary fact, to be established before any privilege can be asserted." *Gretsky v. Miller*, 160 F. Supp. 914, 915 (D. Mass. 1958) (citing, inter alia, 8 Wigmore, Evidence, § 2313). A general description of the work performed by an attorney is not protected by the attorney-client privilege. *Kovacs v. Hershey Co.*, 04-cv-01881-WYD-BNB, 2006 U.S. Dist. LEXIS 77777, at *2 (D. Colo. Oct. 25, 2006). Acts or services performed by an attorney during the course of the representation are not within the privilege because they are not communications. *Id.* The subject matter of meetings with an attorney, the persons present, the location of the meetings, or the persons arranging the meetings are not protected by the privilege. *CoorsTek, Inc. v. Reiber*, Civ. No. 08-cv-01133-KMT-CBS, 2010 U.S. Dist. LEXIS 42594, at *21 (D. Colo. Apr. 5, 2010) (citations omitted).

Finally, Plaintiff erroneously contends this information was provided during her deposition – it was not. Plaintiff was not even able to describe the prior foreclosure action and did not identify all prior counsel that she had retained.

**7-8 and RFP 5**  *These Interrogatories and RFP seeks the audio recordings Karen Hammer or Plaintiff made of Defendant and a description of what efforts were made to retrieve these recordings if lost*

Plaintiff objected on scope, collateral estoppel, and relevance. None of these objections have any legal support. This case involves allegations of FDCPA false or misleading statements, Plaintiff's recordings of conversations with Defendants or Defendants' client, Vantium Capital, are squarely relevant to this FDCPA claim. During the

- 6 -

Rule 26(f) conference, Ms. Hammer indicated she had made numerous recordings of conversations with the defendant Tim Lamb during the underlying case. Likewise, Plaintiff testified that she recorded a call placed to her by Vantium Capital during the underlying case. Defendants requested during Plaintiff's deposition that an unedited copy of this recording be produced – to date Plaintiff has declined to do so. Plaintiff has produced one recording, but failed to identify any other recordings and steps to retrieve the same.

To the extent these recordings were somehow "lost," a recitation of the date of the recording, when it was lost and the steps taken to retrieve the data is required under Plaintiff's discovery obligations and also is relevant to any spoliation argument. At least by early as August 2013, Plaintiff was threatening an FDCPA lawsuit and apparently her attorney Karen Hammer was recording calls with Defendant. Plaintiff had a duty to preserve relevant information.

### Request for Production

1. *This RFP seeks documents relied on in responding to discovery.*

The only objection is relevance. As noted previously above, this objection lacks legal support and fails to meet Plaintiff's 34(b)(2) requirements. Just as the Interrogatories are relevant and discoverable, so to are the supporting documents.

2– 4, and 6 *These RFPs seeks documents relating to the allegations in the Complaint, communications with Defendant, and documents Plaintiff intends to use as exhibits.*

The objection is to scope and relevance. These are standard discovery requests. As noted previously above, this objection lacks legal support and fails to meet Plaintiff's 34(b)(2) requirements that include an objection with specificity and description of what information, if any, is being withheld. Documents supporting or refuting the allegations in the Complaint are squarely discoverable. Likewise, communications with Defendants are

central to the FDCPA claim and are discoverable. Finally, regardless of whether Plaintiff has prepared her exhibits – if there is a document that Plaintiff intends to use to support her claim or defense, Rule 26(a) squarely requires Plaintiff to produce it.

8, 9 and 10    *These RFPs seeks documents related to damages, any engagement agreements, or other agreements between Ms. Hammer and Plaintiff, invoices and proof of payment.*

Plaintiff has produced two invoices and objected to the remainder of discovery as work product or attorney client privileged. Both arguments lack all legal merit. The Tenth Circuit has held that "[w]hile payment of a fee to an attorney is necessary to obtain legal advice, disclosure of the fee arrangement does not inhibit the normal communications necessary for the attorney to act effectively in representing the client." *In re Grand Jury Subpoenas,* 906 F.2d 1485, 1492 (10th Cir. 1990); s*ee also Clarke v. American Commerce Nat'l Bank*, 974 F.2d 127, 129 (9th Cir. 1992) ("Our decisions have recognized that the identity of the client, the amount of the fee, the identification of payment by case file name, and the general purpose of the work performed are usually not protected from disclosure by the attorney-client privilege.")

Plaintiff could not testify whether she had paid the legal fees to Ms. Hammer that she is seeking as damages in this lawsuit. Likewise, Plaintiff was not sure if she had entered into an agreement with Ms. Hammer as to an award in this case.

> Q. Okay. Do you recall entering into any formal agreement about what the outcome, what the result of any award you would receive in this case would be? Do you recall entering into any formal agreement about what the distribution of an award should you be successful in this case would be?
>
> A. I'm not sure

(Emily Chung Depo. Tr., 49:6-12).

Evidence of whether Plaintiff has or has not paid these legal fees is clearly discoverable evidence regarding whether Plaintiff has incurred damages. This evidence is particularly relevant here, because Plaintiff seeks as damages attorneys' fees in the underlying case at a rate of over double the "discounted" rate Ms. Hammer actually charged Plaintiff. Plaintiff seeks approximately $50,000 in attorneys' fees. The amount represents 87.6 hours at an hourly rate of $485.00 for Ms. Hammer and 38 hours at an hourly rate of $205.00 for Dr. Brown. Ms. Hammer discounted her hourly rate for Plaintiff and only charged her $180 and $116 for Dr. Brown. Plaintiff essentially seeks a windfall of damages in the form of attorneys' fees that she did not actually pay. Similarly, evidence of any agreements between Plaintiff and Ms. Hammer reveal the real party in interest. None of the foregoing is privileged. Accordingly Defendants request an order requiring Plaintiff to produce responsive documents including: any engagement agreements, any agreements regarding the fees or recovery in this case, evidence of payment of legal fees and any legal invoices .

**B.    An Award of Reasonable Costs and Fees Is Appropriate.**

In accordance with Fed. R. Civ. P. 37(a)(5)(A), Defendants respectfully request this Court award them their reasonable expenses incurred in making this Motion, including attorneys' fees. *Vinton v. Adam Aircraft Indus.*, 232 F.R.D. 650, 663 (D. Colo. 2005) ("Fed. R. Civ. P. 37(a)(4)(A) presumes that costs and fees for bringing a successful motion to compel will be granted by the Court, unless the Court finds that the party to be compelled's position was 'substantially justified.'")

The delay tactics employed demonstrates a significant disregard for the discovery process and the purpose behind fair and open disclosure. While Defendants were remiss to involve the court in what should be routine discovery, given Plaintiff's unwillingness to

- 9 -

respond to entirely permissible discovery, Defendants are left with no recourse but to file the instant Motion and request appropriate relief and sanctions.

WHEREFORE, Defendants respectfully request that the Court (1) grant this Motion; (2) order production of the outstanding discovery; and (3) award Defendants their reasonable costs and fees in addressing this discovery dispute.

DATED this 13th day of March, 2017.

GORDON & REES, LLP

*/s/ Heather K. Kelly*
Heather K. Kelly, Atty Reg. No. 36052
555 Seventeenth Street, Suite 3400
Denver, CO  80202
(303) 534-5160
hkelly@gordonrees.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the above and foregoing was electronically filed with the Clerk of the United States District Court using the CM/ECF system which will send notification to counsel referenced below, this 13th day of March, 2017, addressed to:

Karen A. Hammer, Esq.
HAMMER-LAW
3773 Cherry Creek Drive North, Ste. 575
Denver, Colorado 80306
hammer@hammer-law.com

 */s/  Heather K. Kelly*

- 10 -